IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J EMLEY,<br><br>    Plaintiff,<br><br>  v.<br><br>FORD MOTOR COMPANY,<br><br>    Defendant. | Case No. 25-cv-08786-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

    Before the Court is plaintiff Michael J Emley's Motion to Remand, filed November 13, 2025. Defendant Ford Motor Company has filed opposition, to which plaintiff has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for December 19, 2025, and rules as follows:

    1. In his Complaint, plaintiff asserts, <u>inter alia</u>, a federal claim under the Magnuson-Moss Act, based on defendant's alleged failure to comply with an "implied warranty and express warranty" he received when he purchased a vehicle manufactured by defendant. (<u>See</u> Compl. ¶¶ 9, 11-14, 31-32, 34, 40.) As plaintiff acknowledges he seeks "approximately $58,000" as "actual damages" under the Magnuson-Moss Act (<u>see</u> Pl.'s Mot. at iv:28-v.1), there is no dispute that the Court has subject matter jurisdiction over the instant action, <u>see</u> 15 U.S.C. § 2310(d)(3)(B) (providing claim under Magnuson-Moss Act can brought in district court where "amount in controversy" equals or is greater than "the sum or value of $50,000 (exclusive of interests and costs)")

    2. Contrary to plaintiff's argument, defendant, by filing an answer in state court

prior to removal, did not waive its right to remove, as "[i]t is well-settled that merely filing a responsive pleading does not invoke the state court's jurisdiction so as to constitute a waiver of the right to remove." See Acosta v. Direct Merchants Bank, 207 F. Supp. 2d 1129, 1131 (S.D. Cal. 2022) (citing cases).

3. Contrary to plaintiff's argument, the notice of removal was not untimely, as the Complaint does not include facts to establish the value of plaintiff's claims and defendant removed within 30 days of its receipt of the sales contract, which document states plaintiff paid $79,209.17 for the vehicle at issue. (See Clayton Decl., filed November 26, 2025, ¶¶ 7-9, 11-12, Exs. B-C); 28 U.S.C. § 1446(b)(3) (providing where "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a . . . paper from which it may first be ascertained that the case is one which is or has become removable").

Accordingly, the motion to remand is hereby DENIED.

**IT IS SO ORDERED.**

Dated: December 10, 2025

MAXINE M. CHESNEY
United States District Judge